57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF America, Plaintiff-Appellee,
v.
Ricardo GUNN, a/k/a Al Jabbar Kaaziim X, a/k/a Ricardo David
Gunn, a/k/a David Gunn, a/k/a Ricky D. Gunn, a/k/a Michael
Manhertz, a/k/a Twelve, a/k/a John Doe, a/k/a Lee Davis,
a/k/a Twelve Hundred, a/k/a Christian Ewart, a/k/a Richard
Lee Davis, Defendant-Appellant.
 No. 94-5772
 United States Court of Appeals, Fourth Circuit.
 Submitted May 18, 1995.
Decided June 19, 1995.
 
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 James B. Craven, III, Durham, NC, for Appellant. Janice McKenzie Cole, United States Attorney, William Arthur Webb, Assistant United States Attorney, Audrey A. Jordan, Third-year Law Intern, Raleigh, NC, for Appellee.
 OPINION
 PER CURIAM:
 
 
 1
 Ricardo Gunn pled guilty to a one-count indictment charging him with conspiracy to possess crack cocaine with intent to distribute between July 1993 and January 1994. 21 U.S.C.A. Sec. 846 (West Supp.1995). He also entered a guilty plea to an information charging that he used a firearm in relation to a drug trafficking crime on September 7, 1992. 18 U.S.C.A. Sec. 924(c) (West Supp.1995). Gunn appeals his 322-month sentence, contending that the district court clearly erred in finding that he obstructed the administration of justice during the proceedings against him. United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1993). We affirm.
 
 
 2
 When he entered his guilty plea to the conspiracy charge, Gunn agreed that he had conspired with co-defendants Howard Knox and Darrell Hayes, who were scheduled to be tried the next day. Immediately following his plea, Gunn was debriefed by law enforcement authorities. During this meeting, Gunn denied that Knox and Hayes were involved, and stated that he alone was responsible for the drugs. A polygraph test was given to him, which showed deception on questions concerning the involvement of Hayes and Knox. Believing that Gunn might testify as a defense witness for Hayes and Knox with devastating effect, the government dismissed the charges against them.
 
 
 3
 The probation officer recommended that Gunn receive a sentence enhancement for obstruction of justice, which the district court found applicable over Gunn's objection. The adjustment is given if the defendant has obstructed or impeded "the administration of justice during the investigation, prosecution, or sentencing of the instant offense." USSG Sec. 3C1.1. Gunn did not testify at sentencing, but defense counsel stated that Gunn still maintained that he alone was involved. The government argued that Gunn had either lied to the district court during the guilty plea hearing, or had lied to the investigators who interviewed him afterward, making the adjustment proper under application note 3(f) (providing material false information to a judge) or under application note 3(g) (providing a materially false statement to a law enforcement officer that significantly obstructed or impeded investigation or prosecution of the instant offense).
 
 
 4
 On appeal, Gunn argues for the first time that, even if he obstructed the prosecution of Hayes and Knox, he did not obstruct the "instant offense," which means, in his view, only the case against him. Gunn did not make this argument in the district court, and the court made no ruling on it. Therefore, we review the question under the plain error standard. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 5
 Other circuits which have considered the issue have held that the instant offense includes closely related cases against other participants in a conspiracy or concerted criminal activity. See United States v. Acuna, 9 F.3d 1442, 1445-46 (9th Cir.1993) (false testimony at coconspirators' trial was obstruction of instant offense); United States v. Bernaugh, 969 F.2d 858, 860-62 (10th Cir.) (attempt to conceal coconspirators' participation), cert. denied, 61 U.S.L.W. 3262 (U.S.1992); United States v. Banks, 964 F.2d 687, 693 (7th Cir.) (concealment of conspirators' source of cocaine), cert. denied, 61 U.S.L.W. 3354 (U.S.1992); but see United States v. Partee, 31 F.3d 529, 531-33 (7th Cir.1994) (instant offense not coterminous with relevant conduct).
 
 
 6
 Here, Gunn pled guilty to conspiring with Hayes and Knox and subsequently denied engaging in that very conduct, thereby derailing the prosecution of his co-conspirators. On these facts, we find that the district court did not plainly err in making the adjustment.
 
 
 7
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED